Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Caitlin J. Scott (SBN 310619)
cscott@slpattorney.com
Matthew Pardo (SBN 315879)
mpardo@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900

Attorneys for Plaintiff,

ERIC E. GOFNUNG AND ERIC E. GOFNUNG CHIROPRACTIC CO.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. GOFNUNG AND ERIC E. GOFNUNG CHIROPRACTIC CO., <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC; and DOES 1 to 10, inclusive, <br><br> Defendants. | CASE NO.: 2:21-cv-06328-MEMF-JC <br><br> District Judge: Hon. Maame Ewusi-Mensah Frimpong <br><br> Magistrate Judge: Hon. Jacqueline Choolijan <br><br> **PLAINTIFF'S TRIAL BRIEF RE IMPLIED WARRANTY OF MERCHANTABILITY, VIOLATION OF 1793.2(b) AND DAMAGES** <br><br> Trial: May 8, 2023 |

0

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiffs ERIC E. GOFNUNG and ERIC E. GOFNUNG CHIROPRACTIC CO. (hereinafter "Plaintiffs") hereby submit the following trial brief in support of their trial brief regarding implied warranty, violation of 1793.2(b) and damages.

**INTRODUCTION**

Defendant BMW OF NORTH AMERICA INC. ("Defendant") is liable for breach of the implied warranty under California Civil Code section 1792 and damages for that breach, including the repurchase price of the Subject Vehicle and incidental damages. Defendant is also liable under Civil Code Section 1793.2(b) for failing to commence repairs within a reasonable time or to complete them within 30 days. Plaintiffs therefore seek damages for that breach, including the repurchase price of the Subject Vehicle and incidental damages.

Implied warranty claims under the SBA do not require that justifiable revocation of the goods be timely—indeed, do not impose any deadline at all. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1307, 1310 (2009) (Commercial Code section 2607's requirements "do not apply to an action brought under the Song–Beverly Act. … If the Legislature intended the duration provision to impose a deadline for consumers to give notice of defects under the Song–Beverly Act, it could have easily done so. It did not.")

In addition, there is no requirement that Plaintiff timely revoked acceptance to prevail on their claim under Civil Code 1793.2(b). The relevant inquiry is whether the consumer "justifiably revokes" acceptance of their vehicle. *Ramos v. Mercedes-Benz USA, LLC*, 55 Cal. App. 5th 220, 225 (2020), *as modified* (Oct. 1, 2020).

Lastly, the damages under the Civil Code 1793.2(b) claim after Plaintiff revoked acceptance are the entire purchase price of the Vehicle plus incidental damages, with no allowance for a mileage offset. (*Id.*).

Accordingly, the Court should, in connection with Defendant's breach of the implied warranty and breach of Civil Code 1793.2(b), award Plaintiff the repurchase price of the Vehicle plus incidental damages.

## I. LEGAL AUTHORITY

### A. There is No "Timely Revocation" Requirement Under Plaintiff's Civil Code Section 1793.2(b) Claim

Separate and apart from a 1793.2(d)(2) remedy, Plaintiff seeks restitution for Defendant Kia's admitted violation of 1793.2(b) and 1794(b)(1).

California Civil Code 1794(b)(1) states:

> (b) The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and the following:
> (1) Where the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale, Sections 2711, 2712, and 2713 of the Commercial Code shall apply.

1794(b)(1). As explained in *Ramos v. Mercedes-Benz USA, LLC*, 55 Cal. App. 5th 220, 225 (2020), *as modified* (Oct. 1, 2020):

> Section 1794, subdivision (b)(1) provides "[w]here the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale," section 2711 of the Commercial Code "shall apply." Section 2711 allows a buyer who "justifiably revokes acceptance" to recover "so much of the price as has been paid," as well as "any expenses reasonably incurred in their inspection, receipt, transportation, care and custody." (Cal. U. Com. Code, § 2711, subds. (1) & (3).)

*Ramos* at 225.

The relevant inquiry is whether the consumer "justifiably revokes" acceptance of their vehicle. (Id.) Defendant may miscite *Ramos* to argue that recovery of money paid is impermissible under 1793.2(b). *Ramos* stands for the opposite. The Court *distinguished* the remedy under 1793.2(b) and 1794(b)(1) from the repurchase remedy available under 1793.2(d)(2). *Ramos* at 227. It found them distinct and held that their respective requirements must be met. The Court further held that for revocation to be justifiably under 1794(b)(1), a vehicle must suffer from a substantially impairing defect. (Id.) The *Ramos* plaintiff failed that burden because the trial Court jury expressly found that his vehicle did not so suffer. That jury finding rendered the plaintiff's revocation unjustified, and for that reason the plaintiff could not recover under 1794(b)(1), even though the defendant violated 1793.2(b). (Id.)

By extension, revocation is justified when the warrantor fails to repair a vehicle under 1793.2(b) *and it contains a substantially impairing defect*. There is no question that Plaintiff's Vehicle, with its defective engine, electrical defects regarding the convertible top at approximately 7,401 miles and no less than 67 days out of service, has suffered from a substantially impairing defect. Plaintiffs therefore intends to persuade a jury that his revocation was justifiable. If he prevails, he can recover the money he paid for the Vehicle as actual damages.

Defendant may argue that a mileage offset applies to any recovery under the Song Beverly Act. This is not the case.

Cal. Civ. Code 1790.4 states clearly that the Song Beverly Act's remedies are specific and cumulative, such that no one remedy restricts another:

> The remedies provided by this chapter are **cumulative and shall not be construed as restricting any remedy that is otherwise available**…

Cal. Civ. Code 1790.4 (emphasis added).

The 'mileage offset' is a specific reduction set out in 1793.2(d)(2)(C), which applies only to reduce the damages recoverable under 1793.2(d)(2) repurchase.

Notably, neither 1793.2(b) nor 1794(b) contain an offset for use analogous to 1793.2(d)(2)(C).

Further, the Act "contains no 'reasonable time' requirement by which the consumer must invoke the [SBA] or lose rights granted by that statutory scheme." *Krotin v. Porsche Cars North America, Inc.*, 38 Cal. App. 4th 294, 301–302 (1995).

**B.  Upon Revocation of Acceptance, a Plaintiff is Entitled to Recover the Entire Purchase Price of the Vehicle Plus Incidental Damages Under Both Implied Warranty and Civil Code 1793.2(b)**

Section 1794, the SBA's damages provision, states in pertinent part as follows:

> (b) The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and the following:

> (1) Where the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale, Sections 2711, 2712, and 2713 of the Commercial Code shall apply.

Cal. Civ. Proc. Code § 1794(b).

Thus, upon rightfully rejecting or justifiably revoking acceptance of a vehicle for breach of the implied warranty, a plaintiff is entitled to recover the entire purchase price of the Vehicle plus incidental damages. *Mocek*, *supra*, 114 Cal. App. 4th at 407 (the provisions of section 1794(b)(1) "give a buyer the right to cancel the purchase contract and recover any amounts paid toward the purchase of the goods."); *id.* at 404 ("The trial court found that defects in the trailer constituted a breach of the implied warranty of merchantability [under the SBA] and rendered a judgment in the amount of the purchase price, plus interest, conditioned upon plaintiff returning the trailer to defendant").

This is because under Commercial Code section 2711, a plaintiff is entitled to recover "so much of the price as has been paid" and "any expenses reasonably incurred in their inspection, receipt, transportation, care and custody." *Music Acceptance Corp. v. Lofing*, 32 Cal. App. 4th 610, 621 (1995) ("Thus, in the event of a breach of the implied warranty of merchantability, the buyer is entitled to cancel the contract and recover any amounts paid toward the purchase of the goods."); *Seely v. White Motor Co.* (1965) 63 Cal.2d 9, 14 ("The damages awarded by the trial court, 'the loss directly and naturally resulting in the ordinary course of events from the breach of warranty', can properly include lost profits as well as the amount paid on the purchase price." [citations omitted]).

**C.   Implied Warranty Claims and Claims under 1793.2(b) Under the SBA Do Not Impose Any Deadline for Justifiable Revocation**

Defendant may argue that, under Commercial Code sections 2602, Plaintiff was required to justifiably revoke acceptance "within a reasonable time after delivery or tender" of the Vehicle. This is verifiably false. As *Mexia* makes clear, section 2602's requirements "do not apply to an action brought under the Song-Beverly Act." *Mexia*, *supra*, at 1307; *id.* at 1310 ("If the Legislature intended the duration provision to impose a deadline for consumers to give notice of

defects under the Song–Beverly Act, it could have easily done so. It did not."). *And Krotin v. Porsche Cars North America, Inc.* 38 Cal. App. 4th 294, 301–302 (1995) (the SBA "contains no 'reasonable time' requirement by which the consumer must invoke the [SBA] or lose rights granted by that statutory scheme.").

Therefore, although the California Uniform Commercial Code requires timely revocation of acceptance of goods, the SBA expressly does not. *Mexia*, 174 Cal. App. 4th at 1304 ("To 'the extent that the Act gives rights to the buyers of consumer goods, it prevails over conflicting provisions of the Uniform Commercial Code.'").

Defendant suggests that Plaintiff was required to revoke acceptance of the Vehicle by some deadline or within a reasonable time after discovering the defects present is thus contrary to the applicable law.

As explained above, Plaintiff has revoked acceptance of the Vehicle when he called Defendant and asked for a buyback under the Lemon Law, and on or the time of filing their Complaint. (*See* Compl. generally ["Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the lease and/or purchase. By serving this Complaint, Plaintiff does so again."]).[1]

## V.   CONCLUSION

As the Song-Beverly Act imposes no requirement that a claimant must revoke acceptance of defective vehicle within any specified timeframe in order to recover restitution of the costs expended for the Subject Vehicle.

/

//

//

---

[1] Defendant may cite *Simgel Co. v. Jaguar Land Rover N. Am., LLC*, 55 Cal. App. 5th 305 (2020) for the proposition that justifiable revocation must be timely. Any reliance on *Simgel* would be misplaced, however, because the timeliness issue was never presented to the Court of Appeal and was never considered by it. Necessarily, therefore, the Court of Appeal did not rule on whether justifiable revocation must be timely.

|    |    |
|----|----|
| 1  |    |
| 2  | Respectfully submitted, |
| 3  | Dated: April 19, 2023       STRATEGIC LEGAL PRACTICES, APC |
| 4  |    |
| 5  |    |
| 6  | By: /s/ Caitlin J. Scott |
| 7  |     Caitlin J. Scott |
|    |     Attorney for Plaintiffs |

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

On **April 19, 2023**, I served the document(s) described as:

**PLAINTIFF'S TRIAL BRIEF RE IMPLIED WARRANTY OF MERCHANTABILITY AND 1793.2(B) CLAIM AND DAMAGES**

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

ECF SERVICE

[ ]     **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[X]     **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery *as agreed between the parties* on the parties listed herein at their most known e-mail address or e-mail of record in this action.

[ ]     **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this **April 19, 2023**, at Los Angeles, California.

*/s/ Caitlin J. Scott*

Caitlin J. Scott