O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOFNUNG, et al.,<br><br>                      Plaintiffs,<br><br>     v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                      Defendant. | Case No.: 2:21-cv-06328-MEMF-(JCx)<br><br>**ORDER ON DEFENDANTS' MOTIONS *IN LIMINE* [ECF NOS. 49, 50] AND PLAINTIFF'S MOTIONS *IN LIMINE* [ECF NOS. 52–58]** |

    Before the Court are nine (9) motions *in limine* filed by Defendant BMW North America, LLC and Plaintiffs Eric Gofnung and Gofnung Chiropractic. For the reasons stated herein, the Court GRANTS the motions in part.

/ / /

/ / /

1

I. **Factual Background**[1]

Plaintiffs are Eric Gofnung and Eric E. Gofnung Chiropractice Co. (collectively, "Gofnung"). Compl. ¶ 3. The instant case is a "lemon law" action, seeking the recovery of damages sustained as a result of Eric Gofnung's purchase of a 2014 BMW M6 convertible from Defendant BMW North America, LLC ("BMW"). Gofnung seeks pursuant to various provisions of the Song-Beverly Act. *See generally* Compl.

II. **Procedural History**

On August 5, 2021, Gofnung filed a complaint against BMW, alleging six causes of action: (1) violation of California Civil Code section 1793.2(d); (2) violation of California Civil Code section 1793.2(b); (3) violation of California Civil Code section 1793.2(A)(3); (4) breach of express written warranty pursuant to California Civil Code sections 1791.2(a), 1794; (5) breach of the implied warranty of merchantability pursuant to California Civil Code sections 1791.1; 1794; 1795.5; and (6) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). ECF No. 1. The parties engaged in no dispositive motion practice.

On March 22, 2023, BMW filed two (2) motions *in limine*. ECF Nos. 49, 50. Both are opposed. ECF Nos. 69, 70. On the same day, Gofnung filed seven (7) motions *in limine*. ECF Nos. 52–58. BMW filed oppositions to Gofnung's first and third motions *in limine*.[2] ECF Nos. 59, 60. The Court held oral argument on the motions at the Final Pretrial Conference ("FPTC") on April 19, 2023.

/ / /

/ / /

---

[1] The following factual background is derived from the Complaint. ECF No. 1 ("Compl.").
[2] The Court notes that it appears BMW has misspelled the name of the District Judge presiding over this case in all of its filings. Counsel is advised to ensure that all future filings have the correct caption, including the correct spelling of the name of the District Judge.

### III. Applicable Law

#### A. Motions *in limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

#### B. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(1) provides that a:

> party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
>
> . . .
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Rule 26(e)(i) imposes a duty on parties to supplement their Rule 26(a) disclosures if the party learns that its disclosures are incomplete or incorrect. Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the Court provides two exceptions for when the information may still be introduced: if the parties' failure to disclose the required information is substantially justified or

harmless. *Id.* (citing FED. R. CIV. P. 37(c)(1)). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107.

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. FED. R. CIV. P. 26(a)(1)(A)(iii).

While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. *See Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).").

### C. Federal Rule of Civil Procedure 68(b)

Federal Rule of Civil Procedure 68(b) provides that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." FED. R. CIV. P. 68(b).

### D. Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. FED. R. EVID. 402. Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. FED. R. EVID. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### E. Federal Rule of Evidence 403

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### F. Federal Rule of Evidence 408

Federal Rule of Evidence 408 prohibits the inclusion of "conduct or a statement made during compromise negotiations about [a disputed claim or to impeach by a prior inconsistent statement or a contradiction] . . . ." FED. R. EVID. 408(a)(2). However, "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

### G. Federal Rule of Evidence 607

Federal Rule of Evidence 607 provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." FED. R. EVID. 607. Despite this broad coverage, impeachment evidence may *only* be used for impeachment. *United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986). It cannot be used as a way to present otherwise inadmissible evidence to the jury. *Id.*

### H. Federal Rule of Evidence 608

Federal Rule of Evidence 608(b) allows for specific instances of dishonest conduct to be "inquired into [on cross-examination] . . . if they are probative of the character for truthfulness or untruthfulness" of the witness. Rule 608(b) operates in conjunction with Rule 403, meaning that as long as the conduct in question tends to show the witness's character for untruthfulness, said conduct may be raised on cross-examination subject to Rule 403's requisite balancing test. *See United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) ("Rule 608(b) of the Federal Rules of Evidence

authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the character for untruthfulness of the witness—subject, of course, to the balancing analysis of Rule 403.").

### I. Federal Rule of Evidence 609

Federal Rule of Evidence 609 governs the admissibility of evidence of a criminal conviction to impeach a witness's "character for truthfulness." Rule 609(a)(1) requires admission of evidence "of a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," subject to the Rule 403 balancing inquiry. FED. R. EVID. 609(a)(1). Rule 609(a)(2) requires admission of evidence of "any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." *Id.* 609(a)(2).

### J. Federal Rule of Evidence 701

Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701. "Rule 701(a) contains a personal knowledge requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); *see also* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *Lopez*, 762 F.3d at 864. "A lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education, that cannot be placed before the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014). This personal knowledge requirement does not apply to expert testimony. FED. R. EVID. 602.

///

///

**K. Federal Rule of Evidence 704**

It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper. *See, e.g.*, *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 529 (9th Cir. 1986). Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Ninth Circuit has held that "[a] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotations omitted). However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. *See, e.g.*, *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

Thus, an expert may offer testimony on matters that touch on legal issues or unavoidably use legal terminology but must stop short of offering legal opinions and conclusions. *See Morgan v. City of Los Angeles*, Case No. 2:17-cv-06693-VAP-JEMx, 2020 WL 6048831, at *3 (C.D. Cal. June 23, 2020).

**IV. Discussion**

    **A. Gofnung Motions *in limine* 1 – 7**

        i. <u>Gofnung's Motion *in limine* 1, ECF No. 52</u>

Gofnung requests that the Court exclude all evidence, references, argument, and testimony pertaining to BMW's arbitration program because the claim for civil penalty is based upon Cal. Civ. Code § 1794(c) and "whether or not BMW had an arbitration program is wholly irrelevant to Plaintiffs' case and at trial." ECF No. 52 at 4. Gofnung argues that any mention of such evidence would confuse the jury and potentially prejudice Plaintiffs. *Id.* at 8. BMW opposes this motion *in limine* contending that such evidence is relevant and admissible because (1) consumer may not assert the presumption under Cal. Civ. Code § 1793.22(b) unless Gofnung first resorts to a qualified third party dispute resolution process, if existing, and (2) a manufacturer is not liable for a non-willful

1   civil penalty under the Song-Beverly Act if it maintains a third party dispute resolution process. ECF
2   No. 59 at 4–5.

3         Gofnung further contends that BMW has the burden of proving whether its arbitration
4   program qualifies under the Song-Beverly Act, and that the Court should preclude evidence
5   supporting any claim that BMW maintained a Qualified Dispute Resolution Program not previously
6   disclosed to Plaintiffs. *Id.* at 12. BMW counters that the probative value of BMW's program
7   outweighs any danger of unfair prejudice to plaintiffs as BMW is entitled to prove its defense that it
8   is not "subject to the statutory presumption of a reasonable number of repair attempts and not liable
9   for a non-willful civil penalty. *Id.* at 5.

10        Although Gofnung's complaint seeks damages pursuant to both Section 1794(e), see Compl.
11  at ¶ 24 and Section 1794(c), see Compl. at ¶¶ 25, 30, in its Motion, it indicates that it is only seeking
12  damages pursuant to Section 1794(c). Accordingly, the presumption under 1794(e) would not apply
13  and the existence of the arbitration program is irrelevant.

14        As such, Gofnung's Motion *in limine* 1 is GRANTED. Gofnung is also prohibited from
15  seeking damages under Section 1794(e).

16        ii.    Gofnung's Motion *in limine* 2, ECF No. 53

17        Gofnung requests that the Court exclude all evidence, references, argument, testimony, and
18  mention of the availability of attorneys' fees because the ability to recover attorney's fees in this
19  action is "irrelevant to the elements necessary to establish liability," and informing the jury that
20  Plaintiffs will recover such fees is misleading, confusing, and prejudicial. ECF No. 53 at 2–3. This
21  request is unopposed.

22        Gofnung cites to Federal Rule of Evidence 402 to support the exclusion of this evidence,
23  arguing that "evidence which is not relevant is not admissible" because Gofnung's right to recover
24  attorney's fees is irrelevant until *after* Gofnung prevails on the merits. ECF No. 53 at 4.

25        Accordingly, the Court hereby GRANTS Gofnung's Motion *in limine* 2 for the reasons
26  requested.

27  / / /
28  / / /

     iii.  Gofnung's Motion *in limine* 3, ECF No. 54

  Gofnung requests that the Court exclude all evidence, testimony, or mention of Gofnung's application for financing because it is "irrelevant to the elements necessary to establish liability," and is misleading, confusing, and prejudicial to a jury. ECF No. 54 at 2–3. BMW opposes this motion *in limine*, contending that such evidence is relevant and admissible with respect to (1) damages, (2) Gofnung's motive for forcing BMW to repurchase a non-defective vehicle, (3) showing that Gofnung's allegation as to the defective vehicle is a mere pretext, and (4) showing Gofnung's bias and impeaching Gofnung's credibility. ECF No. 60 at 3–4.

  Gofnung cites to FED. R. EVID. 402 to support the exclusion of this evidence, arguing that "evidence which is not relevant is not admissible" and even if Gofnung's application for financing is relevant, it should be excluded "if its probative value is substantially outweighed by unfair prejudice." ECF No. 54 at 4. Additionally, Gofnung contends that introduction of such evidence would improperly influence the jury in that Gofnung has financial difficulties leading to an ulterior motive to filing this action. *Id.* at 5.

  Whether Gofnung has some motive to fabricate his claims is a proper area for examination at trial. *See* CACI No. 107 ("In deciding whether to believe a witness's testimony, you may consider . . . Did the witness have any reason to say something that was not true? For example, did the witness . . . have a personal stake in how this case is decided?"). Therefore, the terms of his financing and whether that might have motivated him to fabricate his claims are highly relevant and—if prejudicial at all—not more prejudicial than probative.

  Accordingly, the Court hereby DENIES Gofnung's Motion *in limine* 3. As discussed at the hearing, the parties shall meet and confer on appropriate redactions to the financing application that BMW plans to introduce.

     iv.  Gofnung's Motion *in limine* 4, ECF No. 55

  Gofnung requests that the Court exclude any references to attorney marketing or advertising because such evidence is irrelevant to the elements necessary to establish liability in this action and is "misleading, confusing, and prejudicial." ECF No. 55 at 2–3. This request is unopposed.

Gofnung cites to FED. R. EVID. 402 to support the exclusion of this evidence, arguing that "evidence which is not relevant is not admissible" because attorney marketing and advertising is not relevant to the underlying claims and is unduly prejudicial to plaintiffs as it may distract the jury from the facts of the case. *Id.* at 5.

Accordingly, the Court hereby GRANTS Gofnung's Motion *in limine* 4 for the reasons requested.

v. Gofnung's Motion *in limine* 5, ECF No. 56

Gofnung requests that the Court exclude any testimony or argument that the entire Subject Vehicle was conformed to warranty due to repair of a specific component because such evidence is unduly prejudicial and carries a high risk of jury confusion. ECF No. 56 at 2–3. BMW opposes this motion *in limine*, contending that such evidence is relevant and admissible to show that (1) CAL. CIV. CODE § 1793.2 does not provide a remedy to Gofnung's claim for relief, (2) the question of whether the alleged defect was repaired after a reasonable number of attempts is an issue of fact for the jury, and (3) Gofnung was not specific in what evidence they seek to object.

As Gofnung points out, Section 1793.2 is clear that a plaintiff is entitled to relief if "the manufacturer . . . does not service or repair *the goods* to conform to the applicable express warranties after a reasonable number of attempts." CIV. CODE § 1793.2(d) (emphasis added.) There is no support in the statute for BMW's reading that the plaintiff can only recover if a reasonable number of attempts were permitted for each individual defect. The authority cited by BMW—*Silvio v. Ford Motor Co.*, 135 Cal. Rptr. 2d 846 (Ct. App. 2003)—is inapposite as it concerned a factual scenario where only one attempt was made; the question of whether multiple attempts for each defect was required was not presented. In addition the relevant jury instruction—CACI No. 3201—supports Gofnung's reading. CACI No. 3201 ("To establish this clam, [name of plaintiff] must prove all of the following: . . . That [name of defendant] or its authorized repair facility failed to repair the *vehicle* to match the written warranty after a reasonable number of opportunities to do so . . . .") (emphasis added).

BMW's arguments at the hearing were unavailing and contrary to the clear meaning of the statute. Accordingly, the Court hereby GRANTS Gofnung's Motion *in limine* 5.

        vi.      Gofnung's Motion *in limine* 6, ECF No. 57

Gofnung requests that the Court exclude any testimony or evidence that Gofnung was required to revoke acceptance of the Subject Vehicle within any specified timeframe to recover restitution damages for a breach of implied warranty of merchantability claim because it is "contrary to applicable law, unduly prejudicial and carries a high risk of jury confusion." ECF No. 57 at 3. BMW opposes this motion *in limine*, contending that such evidence is admissible and relevant because the measure of damages for breach of implied warranty is "dependent on revocation of acceptance." ECF No. 63 at 3.

Gofnung's cites *Mexia* to contend that while the UCC expressly requires a timely revocation of acceptance of the goods, the Song-Beverly Act does not, making the introduction of such evidence is contrary to the applicable law. ECF No. 57 at 5. *See Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3rd 285, 290 (Ct. App. 2009).

At the hearing, BMW elaborated on the justification for its position. First, Section 1794(b)(1) of the Civil Code states the following:

> Where the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale, **Sections 2711, 2712, and 2713 of the Commercial Code shall apply.**

CIV. CODE § 1794(b) (emphasis added). Second, Section 2711 of Commercial Code reads as follows in relevant part:

> (1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or **justifiably revokes acceptance** then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (Section 2612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid[.]

Third, Section 2608 of the Commercial Code reads as follows in relevant part:
> (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it
>
> . . . .
>
> (2) **Revocation of acceptance must occur within a reasonable time** after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

As a result, according to BMW, this Court must read the requirement of "justifiable revocation" in one section of the Commercial Code to include the requirement of timely revocation that is another section of the Commercial Code. Put another way, the Court must look to Section 2608 of the Commercial Code to understand the meaning of Section 2711 of the Commercial Code and ultimately the meaning of Section 1794 of the Commercial Code which refers to Section 2711 of the Commercial Code.

Although this argument has some superficial appeal, it ignores the fact that the operative condition is set forth in Section 1794 of the Civil Code, namely "where the buyer has . . . justifiably revoked acceptance." There is nothing in Section 1794 or the Song-Beverly Act more generally to suggest that the meaning of "justifiably revoked" is to be determined with reference to the Commercial Code and specifically Section 2608 of the Commercial Code. The legislature could have, but did not explicitly define "justifiably revoked" to mean "timely revoked under the requirements of Section 2608 of the Commercial Code.[3] This Court therefore declines to read the statute in this manner.

In short, the Song-Beverly Act is clear on the requirements for damages and *timely* revocation under acceptance is not among them. *See* CIV. CODE § 1793.2(d) and CIV. CODE § 1794(b).

Accordingly, the Court hereby GRANTS Gofnung's Motion *in limine* 6.

vii.  Gofnung's Motion *in limine* 7, ECF No. 58

Gofnung requests that the Court exclude any reference to the parties' settlement discussions. ECF No. 58. This request is unopposed.

Gofnung cites to Federal Rule of Civil Procedure 68 to support the exclusion of this evidence, arguing that "[s]ettlement discussions, including Rule 68 offers, are not relevant" to the questions presented in this case, namely "whether the Subject Vehicle in question had defects, whether those defects existed at the time of the sale to Plaintiffs, whether defects were repaired by

---

[3] The Court also notes that Sections 2608 and 2711 were both enacted together in 1963 as part of an Act to establish a Commercial Code, to be known as the Uniform Commercial Code. This is distinct from the Song-Beverly Act, enacted later and codified not in the Commercial Code, but in the Civil Code.

Defendant in a reasonable number of attempts, and whether Defendant's refusal to comply with the Song-Beverly Act was willful." ECF No. 58 at 4–5. While Gofnung's contentions are correct, the Court also finds that "conduct or evidence" made during settlement negotiations must be excluded if presented for "a disputed claim or to impeach." FED. R. EVID. 408.

Accordingly, the Court hereby GRANTS Gofnung's Motion *in limine* 7 for the reasons requested. The Court also EXCLUDES the parties from introducing any conduct or evidence related to the settlement negotiations for the purpose of impeachment or to dispute a claim.

### B. BMW Motions *in limine* 1–2

#### i. BMW Motion *in limine* 1, ECF No. 49

BMW requests that the Court prohibit Gofnung from presenting evidence or argument relating to damages because Gofnung "did not provide a computation of any other category of damages as required by [Federal Rule of Civil Procedure] 26." ECF No. 49 at 3. BMW argues that Gofnung failed to serve Rule 26 disclosures and "never provided a computation of any category of damages" making it impossible for "BMW . . . [to] determine what damages Plaintiffs are claiming, simply by looking at documents." *Id.* Gofnung opposes this motion *in limine*, contending that he served the Rule 26 disclosures on January 7, 2022 which explicitly state the sought after damages. ECF No. 69 at 2–4; Declaration of Caitlin Scott, ECF No. 69-1 ("Scott Decl.") ¶ 3; Ex. 1, Scott Decl. ("Rule 26 Report")

Upon consideration of the statements made in the Scott Declaration and examination of Rule 26 Report, *see* Ex. 1 at 4–6, the Court finds BMW's allegations are not supported by the record.

Accordingly, BMW's motion *in limine* 1 is DENIED.

#### ii. BMW Motion *in limine* 2, ECF No. 50

BMW requests that the Court exclude all testimony from Gofnung's expert, Randall Bounds ("Bounds") on the following grounds:

1. Bounds did not personally "observe or diagnose a defect in Plaintiffs' vehicle, or even inspect Plaintiffs' vehicle", and thus should not be granted leave to testify to what was communicated to him by Gofnung. ECF No. 50 at 7.

2. Bounds "lacks the specialized training and experience specific to the 2014 BMW M6 convertible [at issue here] that would be helpful to the trier of fact" and failed to "do anything to familiarize himself with the Vehicle"; *Id.* at 7–8;

3. Bounds lacks the basis for asserting that the vehicle is defective. *Id.* at 8; and

4. Bounds's criticism of the repair facility should be excluded as "[t]he issue before the jury . . . in this case is whether Plaintiff's vehicle had a defect covered by the warranty, that substantially impaired the use, value or safety of the Vehicle, that BMW . . . was unable to repair after a reasonable number of attempts." *Id.*

5. Portions of Bounds's testimony are inadmissible hearsay pursuant Federal Rules of Evidence 804; Bounds's "opinions, including his opinion that there was an unrepaired defect in Plaintiffs' vehicle, is based on his conversation with Plaintiffs, which is not a proper subject of, or basis for, expert testimony under Federal Rules of Evidence 702 and 703"; portions of his testimony are "irrelevant and misleading" due to the subject matter of the case." *Id.* at 9–10.

In response, Gofnung argues that this motion in limine should be denied in its entirety as BMW "mischaracterizes . . . Bounds as a 'scientific expert' rather than a 'technical expert'" and misapplies the *Daubert* standard as a result. ECF No. 70 at 4. Gofnung argues that Bounds is highly knowledgeable in the areas of "automotive theory, diagnosis, repair, and maintenance" and offers expert testimony based on the case record and Gofnung's testimony and statements. *Id.* at 5–6. Gofnung further argues that BMW's reliance on Federal Rule of Evidence 702 only relates to "scientific evidence" and is inapplicable

Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting FED. R. EVID. 702). The Court finds that the witness offered is a designated expert with appropriate credentials. BMW's arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions. BMW confirmed this at the hearing, and can

14

seek—through cross-examination and argument at trial—to question the basis for the expert's opinions.

Accordingly, the Court DENIES BMW's Motion *in limine* 2.

**IT IS SO ORDERED.**

Dated: May 4, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge